UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Denise Wayne,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Jerica Ashbaugh, et al.,<br><br>　　　　　Defendants. | Case No.: 2:13-cv-1248-JAD-CWH<br><br>**Order Granting Plaintiff's Motion<br>to Remand [Doc. 5]** |

　　On June 10, 2013, Plaintiff Denise Wayne, a Nevada resident, sued Defendants Jerica Ashbaugh, Wal-Mart Stores, Inc., and Does and Roes 1-10. Doc. 1-2 at 1.[1] Wayne claims that on or about August 27, 2011, she was shopping in Wal-Mart's Las Vegas, Nevada store when she slipped in a puddle of water and fell, sustaining personal injuries. *Id.* at 3-4.

　　She alleges that the Defendants, without limitation, had a duty to keep the premises safe for invitees like Wayne, and negligently failed to do so. Wayne's only claim against Ashbaugh was that "she was aware of water on the floor, but did not warn the plaintiff of the hazardous condition." Doc. 1-2 at 3. She does not otherwise specify Ashbaugh's role at Wal-Mart, although she does allege that Ashbaugh is a citizen of Nevada. *Id.* at 1, 4. As compensation for her injuries, Wayne seeks "general damages" in excess of $10,000, medical and incidental expenses, the costs of the suit, and any other relief the Court deems proper. *Id.* at 5.

---

[1] Wayne does not specifically list any roles for the Roes 1-10.

On July 15, 2013, Defendant Wal-Mart removed this case to federal court under the Court's diversity jurisdiction, 28 U.S.C. § 1332, alleging that Wayne's claimed damages were currently $293,000; Wal-Mart then filed an Answer. Docs. 1, 2.[2] Wayne then moved to remand the case, on the basis that complete diversity did not exist because Wayne and Ashbaugh were both citizens of Nevada. Docs. 5, 12. Wal-Mart contends that Ashbaugh was fraudulently joined in order to destroy diversity jurisdiction, and thus Ashbaugh should be dismissed from the claim. Doc. 8 at 3.

**Discussion**

28 U.S.C. § 1441(b) allows for removal to federal court based on diversity of citizenship. Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." If the Court finds that it lacks jurisdiction over the case, it should remand the case to state court pursuant to 28 U.S.C. § 1447(c). "[T]he defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 568 (9th Cir. 1992).

A fraudulent joinder does not defeat diversity. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quotation omitted). The party asserting fraudulent joinder must overcome "both the strong presumption against removal and the general presumption against fraudulent joinder." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

---

[2] There is no indication that Ashbaugh joined in the removal petition. Ordinarily, "[a]ll defendants who have been properly served in the action must join a petition for removal." *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) (quotations and formatting omitted). Since no evidence exists that Asbaugh was actually served with the Complaint while the action was in Nevada, her failure to join in Wal-Mart's petition for removal does not provide independent grounds to invalidate the petition for removal.

### A.   Stipulation to Set Aside Clerk's Entry of Default

Removing Defendant Ashbaugh from the action will result in the Court having subject matter jurisdiction over the case by creating complete diversity. Curiously, during the pendency of Wayne's motion to remand, Wayne moved for, and obtained, a motion for entry of clerk's default against Ashbaugh, effectively removing her from the case and removing the impediment to this Court's diversity jurisdiction. Docs. 17, 20. On October 28, 2013, Wayne and Wal-Mart then submitted a joint stipulation to set aside the entry of clerk's default as to Ashbaugh, which stated that Ashbaugh would file an Answer to Wayne's Complaint within 20 days of the Court's Order granting the stipulation. Doc. 21.[3] This stipulation has remained unsigned by the Court. Finding no reason not to grant the stipulation, the Court has simultaneously granted it as requested and sets aside the clerk's entry of default as to Ashbaugh, thus making her a party to this case once more.

### B.   Motion to Remand

Wal-Mart argues that Ashbaugh was fraudulently joined with the express purpose of avoiding federal jurisdiction. *See* Doc. 8. Wal-Mart claims that respondeat superior obviates any independent recovery against Ashbaugh because she was a Wal-Mart employee: "it is black letter agency and tort law that an employee's breach of a duty owed to her employer is not an independent basis for tort liability to a third party." Doc. 8 at 5 (formatting altered).[4] Thus, Wal-Mart contends that Ashbaugh owed no duty to Wayne in her individual capacity. *Id.* at 6. But Wayne's claim against Ashbaugh is based on a duty owed to her, not to Wal-Mart.

"To recover under a negligence theory, the complainant must prove four elements: (1) that defendant owed him a duty of care; (2) that defendant breached this duty of care; (3) that the breach was the legal cause of plaintiff's injury; and (4) that the complainant suffered

---

[3] The parties erroneously set this Motion before the U.S. Magistrate Judge. *See* Doc. 21 at 2.

[4] The four corners of the Complaint do not specify whether Ashbaugh is actually an employee of Wal-Mart, or whether she operated in a contracting capacity for another entity with control over some portion of the building which Wal-Mart operated, or was thoroughly independent. *See* Doc. 1-2. Wal-Mart concedes in its response to Wayne's remand motion that Ashbaugh is a "former" employee. Doc. 8 at 2.

1  damages." *Hammerstein v. Jean Development West*, 907 P.2d 975, 977 (Nev. 1995). In
2  Nevada, business proprietors owe their invitees a duty to keep premises safe for their patrons.
3  *Elko Enterprises, Inc. v. Broyles Through Rogers*, 779 P.2d 961, 964 (Nev. 1989). "The law
4  is clear that if a legal duty exists, reasonable care under the circumstances must be
5  exercised." *Lee v. GNLV Corp.*, 22 P.3d 209, 212 (Nev. 2001). "Respondeat superior
6  liability attaches only when the employee is under the control of the employer and when the
7  act is within the scope of employment." *Molino v. Asher*, 618 P.2d 878, 879 (1980). The
8  issue of whether an employee has acted within the scope of employment is a jury question,
9  regardless whether the tortious acts are intentional or negligent. *Busch v. Flangas*, 837 P.2d
10 438, 440 (Nev. 1992); *Rockwell v. Sun Harbor Budget Suites*, 925 P.2d 1175, 1180 (Nev.
11 1996); *Yellow Cab of Reno, Inc. v. Second Judicial District Court of State ex rel. County of
12 Washoe*, 262 P.3d 699, 704 (Nev. 2011).[5]

13    Wayne alleges that Ashbaugh "stated at the time of the incident that she was aware of
14 water on the floor, but did not warn [Wayne] of the hazardous condition." Doc. 1-2 at 4.
15 Wayne does not allege that Ashbaugh actually maintained that area of the store, or what type
16 of employment position she held at the store at the date of the accident, or whether the spill
17 resulted from her own independent and intervening negligence. *See id.* From the four
18 corners of Wayne's Complaint, all that is known is that Ashbaugh, as well as the other
19 defendants, were "the owners, maintainers, managers, inspectors, supervisors, and controllers
20 of the premises and common areas generally known as WAL-MART STORES, INC." Doc.
21 1-2 at 3. Because Nevada is a notice pleading state, *Stubbs v. Strickland*, 297 P.3d 326, 330
22 (Nev. 2013), it is possible that Ashbaugh was herself negligent which makes her personally

---

[5] Nevada opinions evaluating whether conduct falls within the course and scope of employment have reflected this heavy reliance on factual specifics. *Compare Prell Hotel Corp. v. Antonacci*, 469 P.2d 399, 400 (Nev. 1970) (finding employer liable for blackjack dealer's striking of intoxicated card player who had called him an opprobrious name, where dealer struck player after dealing one card to each player and without leaving his position behind the blackjack table), *with J.C. Penny Co. v. Gravelle*, 155 P.2d 477, 481 (Nev. 1947) (store employee acted outside the scope of employment when employee attacked third party who had interfered when employee's chasing of a thief outside of the store after the chase had concluded).

liable for her own conduct or that her actions or inactions were outside the course and scope of her employment such that she, and not Wal-Mart, may be held liable to Wayne.[6]

Other courts in this district have remained skeptical of fraudulent joinder arguments premised upon the speculative assertion that "sham" defendants *might* be dismissed at a later stage of the action. *See Grabez v. Wal-Mart Stores, Inc.*, 2010 WL 4873266, at *1 (D. Nev. Nov. 22, 2010) (no fraudulent joinder of Wal-Mart employee to action against Wal-Mart that included negligence claim). Indeed, Nevada courts have found that where a "doe" defendant was alleged to be "legally responsible in some manner" for defendant's failure to pay an insurance dispute by "participat[ing] in processing Plaintiff's claim for benefits," the claim was not fraudulently joined because the Complaint indicated that the anonymous defendants had at least some manner of involvement sufficient under Nevada's permissible notice pleading standard. *Incopero v. Farmers Insurance Exchange*, 113 F.R.D. 28, 29-31 (D. Nev. 1986). Thus, although we do not yet know the extent of Ashbaugh's potential liability, Wayne has sufficiently alleged some manner of involvement to defeat Wal-Mart's fraudulent joinder claim.

Wal-Mart also contends that as a practical matter Wayne knows that Ashbaugh could not possibly satisfy any judgment against her. Doc. 8 at 7. Wayne counters by characterizing Wal-Mart's argument as "mere speculation," and noting that Ashbaugh, unlike a "doe" defendant, was named specifically in the initial Complaint and was served after the action was removed to federal court. Docs. 12 at 9; 12-4 at 2. Wal-Mart has submitted no proof in support of its contentions, as it was obligated to do to prove that joinder was fraudulent.[7]

---

[6] Indeed, Wal-Mart's Answer admits this possibility, as it presents an affirmative defense that it "is entitled to indemnification and/or contribution from any judgment over and against such other Defendants that may be liable for all or part of any verdict or judgment against Wal-Mart Stores, Inc. which was caused by the negligence . . . of such other Defendants." Doc. 2 at 6.

[7] Wal-Mart indicates that it has obtained a "FRASCO Investigative Services' report on Ms. Ashbaugh's assets," which it has not yet provided the Court. *Id.* at 7 n.2. Although Wal-Mart indicates that it will "gladly" share this investigative report with the Court, Wal-Mart has not otherwise indicated why the Court should take it as genuine.

For these reasons, Wal-Mart has failed to overcome the "strong presumption" against removal, and the "general presumption" against fraudulent joinder, and thus has not met its burden to show by a preponderance of the evidence that federal jurisdiction is appropriately exercised in this case.

**Conclusion**

Accordingly, based upon the foregoing reasons and with good cause appearing and no reason for delay,

It is **HEREBY ORDERED** that Wayne's Motion to Remand [Doc. 8] is **GRANTED**.

DATED: December 5, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE